**UNITED STATES DISTRICT COURT**
**EASTERN DISTRICT OF MISSOURI**
**EASTERN DIVISION**

| | | |
|---|---|---|
| OSCAR GARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-0004 JAR |
| | ) | |
| DR. UNKNOWN WALKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

This closed case is before the Court on self-represented plaintiff Oscar Garner's motion for

reconsideration brought pursuant to Federal Rule of Civil Procedure 59(e). On September 2, 2021,

the Court denied plaintiff's motion to proceed *in forma pauperis* under the three strikes rule, 28

U.S.C. § 1915(g), and dismissed this case subject to re-filing as a fully paid complaint. ECF No.

4 and 5. On September 22, 2021,[1] plaintiff filed a "motion to alter or amend judgment" regarding

that dismissal. ECF No. 7. Based on the following considerations, the Court will grant plaintiff's

motion for reconsideration, vacate the Order of Dismissal, and require plaintiff to file an amended

complaint within twenty-one (21) days of the date of this Memorandum and Order.

### A. Motion for Reconsideration

As discussed in the Court's September 2, 2021 Memorandum and Order, while

incarcerated, plaintiff brought more than three civil actions in federal court that were dismissed as

frivolous, malicious, or for failure to state a claim. In addition, after review of plaintiff's complaint

filed in this matter, the Court found that plaintiff was not under imminent danger at the time of the

complaint filing. As such, the Court denied plaintiff *in forma pauperis* status under the three

strikes rule, 28 U.S.C. § 1915(g), and dismissed the case without prejudice.

---

[1] This is the date plaintiff placed the motion in the St. Charles County Jail mailing system.

In plaintiff's motion for reconsideration, he does not dispute being a three-striker. Plaintiff, however, states that his action should have been allowed to proceed under the imminent danger exception to 28 U.S.C. § 1915(g). He argues that his lactose intolerance was diagnosed by a doctor and not only did he fail to receive treatment for lactose intolerance, but also for irritable bowel syndrome, *i.e.,* medications for diarrhea, nausea, vomiting, constipation, and hemorrhoids. However, plaintiff failed to articulate these facts in the body of his complaint. Rather, plaintiff's complaint centered around his allegations that the St. Charles County Jail would not provide him with a non-dairy diet or a Vitamin D supplement.

Plaintiff further alleges that he has lost thirty-one (31) pounds over the course of the past year at St. Charles County Jail from his inability to get a non-dairy diet. However, this information was also not included in plaintiff's complaint.

Under Rule 59(e), a court may alter or amend a judgment upon a motion filed no later than 28 days after entry of the judgment. Fed. R. Civ. P. 59(e). Rule 59(e) gives the Court power to rectify its own mistakes in the period immediately following the entry of judgment. *White v. N.H. Dep't of Emp't Sec.*, 455 U.S. 445, 450 (1982). Rule 59(e) motions are limited, however, to correcting "manifest errors of law or fact." *U.S. v. Metro. St. Louis Sewer Dist.*, 440 F.3d 930, 933 (8th Cir. 2006) (quoted cases omitted). Such motions cannot be used to introduce new evidence, tender new legal theories, or raise arguments that could have been presented prior to judgment. Furthermore, district courts have broad discretion in determining whether to grant a Rule 59(e) motion. *Id.*

Although plaintiff is not allowed to present new factual allegations in his motion for reconsideration, the Court recognizes that plaintiff's arguments that he has lost weight because of his alleged irritable bowel syndrome and lactose intolerance are serious allegations. To that end, the Court will grant plaintiff's motion for reconsideration and vacate the Order of Dismissal.

- 2 -

Because plaintiff is attempting to add new factual allegations in the record, he will be required to file an amended complaint on a court-provided form within twenty-one (21) days of the date of this Memorandum and Order.

### B. Instructions on Filing an Amended Complaint

The Eighth Amendment's prohibition on cruel and unusual punishment protects prisoners from deliberate indifference to serious medical needs. *Luckert v. Dodge Cty.,* 684 F.3d 808, 817 (8th Cir. 2012). To survive initial review, plaintiff must plead facts sufficient to state a plausible claim for deliberate indifference to serious medical needs. *Estelle v. Gamble*, 429 U.S. 97, 106 (1976); *Camberos v. Branstad*, 73 F.3d 174, 175 (8th Cir. 1995). Allegations of mere negligence in giving or failing to supply medical treatment will not suffice. *Estelle,* 429 U.S. at 106. To adequately plead deliberate indifference, plaintiff must allege that he suffered objectively serious medical needs and that defendants knew of, but deliberately disregarded those needs. *Dulany v. Carnahan*, 132 F.3d 1234, 1239 (8th Cir. 1997).

A "serious medical need" is "one that has been diagnosed by a physician as requiring treatment, or one that is so obvious that even a layperson would easily recognize the necessity for a doctor's attention." *Holden v. Hirner,* 663 F.3d 336, 342 (8th Cir. 2011) (quoted case omitted). Thus, if plaintiff has been diagnosed by a physician with lactose intolerance, he must indicate who diagnosed him, when it occurred, and/or why he believes he suffers from this disease. To that end, he must indicate exactly what treatment he has been prescribed for the "diseases" of lactose intolerance and irritable bowel syndrome and what alleged defendant has withheld such treatment and when. Plaintiff should also describe, in detail, what has occurred because of the defendants' alleged failure to provide him with such treatment.

The Court will refer plaintiff to the review of his original complaint as contained in the September 2, 2021 Memorandum and Order. To survive review under 28 U.S.C. § 1915, plaintiff

must state the proper capacity under which he is suing each defendant, state specifically, and not in generalities, the essence of his claim, and he must enunciate which of the defendants violated his rights or failed to act when he sought assistance for his medical care. *See Madewell v. Roberts*, 909 F.2d 1203, 1208 (8th Cir. 1990); *see also Martin v. Sargent*, 780 F.2d 1334, 1338 (8th Cir. 1985) (claim not cognizable under § 1983 where plaintiff fails to allege defendant was personally involved in or directly responsible for incidents that injured plaintiff).

Plaintiff is warned that the filing of an amended complaint replaces the original complaint, and so it must include all claims plaintiff wishes to bring. *See In re Wireless Telephone Federal Cost Recovery Fees Litigation*, 396 F.3d 922, 928 (8th Cir. 2005) ("It is well-established that an amended complaint supersedes an original complaint and renders the original complaint without legal effect"). **Plaintiff must type or neatly print the amended complaint on the Court's prisoner civil rights complaint form, which will be provided to him**. *See* E.D. Mo. L.R. 45 – 2.06(A) ("All actions brought by self-represented plaintiffs or petitioners should be filed on Court-provided forms").

In the "Caption" section of the amended complaint, plaintiff must state the first and last name, to the extent he knows it, of each defendant he wishes to sue. *See* Fed. R. Civ. P. 10(a) ("The title of the complaint must name all the parties").

In the "Statement of Claim" section, plaintiff should begin by writing the defendant's name. **In separate, numbered paragraphs under that name, plaintiff should set forth a short and plain statement of the facts that support his claim or claims against that defendant.** *See* Fed. R. Civ. P. 8(a). **Each averment must be simple, concise, and direct.** *See id.* Plaintiff must state his claims in numbered paragraphs, and each paragraph should be "limited as far as practicable to a single set of circumstances." *See* Fed. R. Civ. P. 10(b). **If plaintiff names more**

than one defendant, he should only include claims that arise out of the same transaction or occurrence, or simply put, claims that are related to each other. *See* Fed. R. Civ. P. 20(a)(2).

Furthermore, the Court emphasizes that the "Statement of Claim" requires more than "labels and conclusions or a formulaic recitation of the elements of a cause of action." *See Neubauer v. FedEx Corp.*, 849 F.3d 400, 404 (8th Cir. 2017). Finally, plaintiff must not try to amend a complaint by filing separate documents. Instead, he must file a single, comprehensive pleading that sets forth his claims for relief.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for reconsideration of the dismissal of this action [ECF No. 7] is **GRANTED**.

**IT IS FURTHER ORDERED** that the Memorandum and Order and Order of Dismissal entered on September 2, 2021 [ECF. Nos 4 and 5] are **VACATED**.

**IT IS FURTHER ORDERED** that plaintiff's motion to proceed *in forma pauperis* [ECF No. 2] is **GRANTED**.

**IT IS FURTHER ORDERED** that the plaintiff shall pay an initial filing fee of $1.00 within twenty-one (21) days of the date of this Order. Plaintiff is instructed to make his remittance payable to "Clerk, United States District Court," and to include upon it: (1) his name; (2) his prison registration number; (3) the case number; and (4) that the remittance is for an original proceeding.

**IT IS FURTHER ORDERED** that if plaintiff fails to pay the initial partial filing fee within twenty-one (21) days of the date of this Order, then this case will be dismissed without prejudice.

**IT IS FURTHER ORDERED** that, within twenty-one (21) days of the date of this Memorandum and Order, plaintiff shall submit an amended complaint in accordance with the instructions set forth herein.

**IT IS FURTHER ORDERED** that the Clerk of Court shall mail to plaintiff a blank Prisoner Civil Rights Complaint form.

**IT IS FURTHER ORDERED** that if plaintiff fails to timely comply with this Memorandum and Order, the Court will dismiss this action without prejudice and without further notice.

Dated this 29th day of October, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE