UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OSCAR GARNER, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | No. 4:21-CV-00004 JAR |
| ) | |
| DR. WALKER, et al., ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

Before the Court is plaintiff's motion for protective order, as well as his request for interrogatories and admissions. After review of plaintiff's motion and his request, the Court will deny plaintiff's requests, without prejudice.

**Background**

Plaintiff, an inmate at Fulton Correctional Center (FCC), filed this action on January 4, 2021, pursuant to 42 U.S.C. § 1983 alleging violations of his civil rights. In his original complaint, plaintiff alleged that he was suffering from irritable bowel syndrome and lactose intolerance and that he was unable to get a non-dairy dietary tray at his place of confinement, St. Charles County Jail. Because plaintiff had filed at least three actions that had been dismissed as frivolous, malicious or for failure to state a claim, 28 U.S.C. § 1915(g), the Court dismissed plaintiff's complaint on September 2, 2021, pursuant to § 1915(g).

On September 24, 2021, plaintiff moved to reconsider the dismissal of this action arguing that he should be allowed to proceed under the imminent danger exception to § 1915(g). He argued that his lactose intolerance was diagnosed by a doctor and that not only did he fail to receive treatment for lactose intolerance, but also for irritable bowel syndrome, i.e., medications for

diarrhea, nausea, vomiting, constipation, and hemorrhoids. The Court found, however, that plaintiff had failed to articulate such facts within his complaint. Nonetheless, the Court vacated the dismissal of the complaint on October 29, 2021, and it ordered plaintiff to file an amended pleading no later than November 19, 2021. Plaintiff filed an amended complaint on November 12, 2021.

The Court reviewed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915 for frivolousness, maliciousness and failure to state a claim on January 12, 2022. At that time, the Court issued process against defendants Dr. Unknown Walker, Jane Doe Nurse[1] and Nurse Jandi in their individual capacities for failing to provide plaintiff with proper treatment for his lactose intolerance and irritable bowel syndrome, including his requests for non-dairy trays and for failing to help treating his vitamin D deficiency. The Court also issued process against St. Charles County Jail Administrator Daniel Keen in his official capacity for an alleged unconstitutional policy or custom at St. Charles County Jail for failing to provide non-dairy trays and for failing to treat lactose intolerance and irritable bowel syndrome.

An answer was filed by defendant Daniel Keen on February 9, 2022. An answer was filed by defendant Dawn Moses on February 11, 2022. Summons were returned unexecuted for defendants Dr. Unknown Walker and Nurse Jandi on January 20, 2022. On February 17, 2022, the Court ordered defense counsel to provide, if such information was known to counsel, the last known home addresses of defendants Walker and Jandi, so that service could be accomplished on defendants. Counsel for defendant Keen provided such information on February 28, 2022, and the

---

[1] Jane Doe Nurse was identified by plaintiff as Nurse Dawn on January 21, 2022. Counsel for defendant "Nurse Dawn" has notified the Court that her proper name is Dawn Moses. The Court instructed the Clerk of Court to change the docket to reflect defendant Moses' name in a prior Memorandum and Order.

2

Court ordered summons be effectuated on defendant Jandi's and Walker's home addresses on March 30, 2022.

## Discussion

Currently before the Court is plaintiff's requests for interrogatories and admissions, as well as his motion for protective order. Based on the foregoing, the Court will deny plaintiff's requests at this time.

### A. Plaintiff's Requests for Interrogatories and Admissions

On March 25, 2022, plaintiff filed with the Court a request titled, "Request for Interrogatories An[d] Admissions, Production [of] Documents." Plaintiff's request is addressed to the St. Charles County Counselor's Office (Bryan E. Wise). It was sent by plaintiff to defense counsel Wise on March 22, 2022. Thus, it appears from the filing that plaintiff has provided the Court with a copy of his discovery request to this Court.

Pursuant to Local Rule 3.02(A), titled "Filing of Discovery and Disclosure Materials," the District Court mandates that discovery and disclosure materials "shall not be filed with the Court except as exhibits to a motion or memorandum." To that end, the Court will deny, without prejudice, plaintiff's requests for interrogatories and admissions and for production of documents. To the extent plaintiff seeks discovery materials, he should serve his requests on defense counsel only.

### B. Plaintiff's Motion for Protective Order

A party may move for a protective order to protect themselves from annoyance, embarrassment, oppression, or undue burden or expense. Fed. R. Civ. P. 26(c). A district court has broad discretion to decide when a protective order is appropriate and what degree of protection is required. *See Roberts v. Shawnee Mission Ford, Inc.*, 352 F.3d 358, 362 (8th Cir. 2003). The party

moving for the protective order has the burden to demonstrate good cause for issuance of the order. *Buehrle v. City of O'Fallon*, MO, No. 4:10-cv-509 AGF, 2011 WL 529922, at *2 (E.D. Mo. Feb. 8, 2011). For good cause to exist, the movant must demonstrate the specific prejudice or harm that would result if no protective order is granted. *Id.*

Plaintiff requests that all records produced by the parties to this litigation be produced subject to a "HIPAA Qualified Protective Order." He seeks to have "all parties...follow the terms under (HIPAA) Health Insurance Portability and Accountability Act and Federal Regulations promulgated Act [sic] and follow 42 C.F.R. 164.512."[2]

HIPAA generally prohibits a "covered entity" from using or disclosing protected health information unless use or disclosure is permitted or required under HIPAA regulations. 45 C.F.R. § 164.502. A "covered entity" includes "a health care provider[3] who transmits any health information in electronic form," and "disclosure" in this context means "the release, transfer, provision of access to, or divulging in any manner of information outside the entity holding the information." 45 C.F.R. § 160.103. HIPAA provides certain exceptions to the general rule against disclosure of protected health information without the individual's prior written consent.

HIPAA provides for disclosure in federal cases where a qualified protective order has been entered. *See* 45 C.F.R. § 164.512(e)(1). The regulation states in part:

(1) Permitted disclosures. A covered entity may disclose protected health information in the course of any judicial or administrative proceeding:

---

[2] Plaintiff also states in a conclusory manner that he requests all defendants mentioned should release medical records of plaintiff pursuant to the HIPPA protective order. The Court is unsure if plaintiff is seeking to have the Court authorize a release of his medical records currently or if he simply wants a release of his medical records in the future pursuant to HIPPA. The Court declines to authorize a release of his medical records at this time. Plaintiff will have to engage in the normal course of discovery if he wishes to pursue such an endeavor. *See* Fed.R.Civ.P.26.

[3] A health care provider is a provider of medical or health services or any other person or organization who furnishes, bills, or is paid for health care in the normal course of business. 45 C.F.R. § 160.103.

4

    (i)        In response to an order of a court or administrative tribunal, provided that the covered entity discloses only the protected health information expressly authorized by such order; or

    (ii)       In response to a subpoena, discovery request, or other lawful process, that is not accompanied by an order of a court or administrative tribunal, if:

          (A) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iii) of this section, from the party seeking the information that reasonable efforts have been made by such party to ensure that the individual who is the subject of the protected health information that has been requested has been given notice of the request; or

          (B) The covered entity receives satisfactory assurance, as described in paragraph (e)(1)(iv) of this section, from the party seeking the information that reasonable efforts have been made by such party to secure a qualified protective order that meets the requirements of paragraph (e)(1)(v) of this section.

. . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . . .

(v) For purposes of paragraph (e)(1) of this section, a qualified protective order means, with respect to protected health information requested under paragraph (e)(1)(ii) of this section, an order of a court or of an administrative tribunal or a stipulation by the parties to the litigation or administrative proceeding that:

          (A) Prohibits the parties from using or disclosing the protected health information for any purpose other than the litigation or proceeding for which such information was requested; and

          (B) Requires the return to the covered entity or destruction of the protected health information (including all copies made) at the end of the litigation or proceeding.

(vi) Notwithstanding paragraph (e)(1)(ii) of this section, a covered entity may disclose protected health information in response to lawful process described in paragraph (e)(1)(ii) of this section without receiving satisfactory assurance under paragraph (e)(1)(ii)(A) or (B) of this section, if the covered entity makes reasonable efforts to provide notice to the individual sufficient to meet the requirements of paragraph (e)(1)(iii) of this section or to seek a qualified protective order sufficient to meet the requirements of paragraph (e)(1)(v) of this section.

45 C.F.R. § 164.512(e)(1).

Although it appears that the records at issue in the instant case could be entitled to HIPPA protection, there is no indication that plaintiff has addressed his desire for a protective order directly with the parties prior to bringing his motion to the Court.[4] Plaintiff has a responsibility to contact counsel for defendants regarding his desire for a protective order before filing a motion with the Court. *See* Federal Rule of Civil Procedure 37; Local Rule 3.04.

Pursuant to Local Rule 3.04, the Court will not consider any motion relating to discovery unless it contains a statement that plaintiff has conferred in person or by telephone with the opposing counsel in good faith or has made reasonable efforts to do so, but that after sincere efforts to resolve the matter, the parties have been unable to do so. Such a statement should also recite the date, time and manner of such conference, and the names of the individuals participating therein, or shall state with specificity the efforts made to confer with opposing counsel. *See* Fed.R.Civ.P.37; Local Rule 3.04.

For the aforementioned reasons, the Court will deny plaintiff's motion for protective order at this time.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for protective order [ECF No. 31] is **DENIED at this time**.

**IT IS FURTHER ORDERED** that plaintiff's request for interrogatories and for admissions [ECF No. 33] is **DENIED at this time**.

Dated this 31ST day of March, 2021.

JOHN A. ROSS
UNITED STATES DISTRICT JUDGE

---

[4] Plaintiff may wish to wait to seek such a protective order with defendants until all parties have been served and have filed an answer in this action. Discovery pursuant to Federal Rule of Civil Procedure 26 is premature given that not all defendants have been served and no Case Management Order has been entered.