UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| OSCAR GARNER, )<br>)<br>Plaintiff, )<br>)<br>v. )<br>)<br>DR. VALERIE WALKER, et al., )<br>)<br>Defendants. ) | No. 4:21-CV-00004 JAR |

**MEMORANDUM AND ORDER**

This matter comes before the Court on plaintiff Oscar Garner's "Motion for Default Judgment."[1] [ECF No. 45] Plaintiff asserts that court records reflect that defendant Jandi Cox and defendant Valerie Walker were served on April 15, 2022, and that they have not responded within twenty-one (21) days.

Having reviewed the file, the Court finds that defendant Dr. Valerie Walker was served with process on April 15, 2022. Attorney J. Thaddeus Eckenrode entered his appearance on Dr. Walker's behalf on May 6, 2022, and he filed an answer on Dr. Walker's behalf on that same date. The record reflects, however, that the Marshals Office has not yet effectuated service on defendant Jandi Cox. On this basis, the "Motion for Default Judgment" will be denied.

Accordingly,

---

[1] Plaintiff should review Federal Rule of Civil Procedure 55. A motion for entry of default brought pursuant to Rule 55(a) must be filed prior to filing a motion for default judgment under Rule 55(b). And the two motions require separate evidentiary burdens. An entry of default by the Clerk of Court under Rule 55(a) is a reflection only that a party has been properly served and has failed to file an answer or other responsive pleading in a timely manner. However, requesting a judgment under Rule 55(b) requires a party to produce evidence establishing the truth of the allegations, as well as damages. It appears that plaintiff's motion in this instance was more properly brought under Federal Rule of Civil Procedure 55(a), as he appears to be requesting an entry of default.

**IT IS HEREBY ORDERED** that plaintiff's "Motion for Default Judgment" [ECF No. 45] is **DENIED**.

Dated this 25th day of May, 2022.

_____
JOHN A. ROSS
UNITED STATES DISTRICT JUDGE