# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| OSCAR GARNER, | ) |
| Plaintiff, | ) ) ) |
| v. | ) ) No. 4:21-CV-00004 JAR |
| DR. VALERIE WALKER, et al., | ) ) ) |
| Defendants. | ) |

## **MEMORANDUM AND ORDER**

This matter is before the Court on Plaintiff Oscar Garner's pro se motions for partial summary judgment against Defendants Daniel Keen (Doc. No. 51), Dawn Moses, and Valerie Walker, M.D. (Doc. No. 53). For the following reasons, the motions will be denied.

**Background**

Plaintiff Oscar Garner is a Missouri inmate who at all relevant times was confined at the St. Charles County Department of Corrections.[1] Plaintiff brings this action pursuant to 42 U.S.C. § 1983 against Valerie Walker, M.D., and Nurse Dawn Moses in their individual capacities and against St. Charles County Jail Administrator Daniel Keen in his official capacity[2]. Plaintiff alleges he suffers from lactose intolerance and irritable bowel syndrome (IBS), but that Defendants deprived him of a medically necessary dairy-free diet in violation of the Eighth Amendment. Plaintiff further alleges he was denied medication to treat his constipation and diarrhea, as well as the pain and nausea from his lactose intolerance and IBS. Plaintiff claims he is also deficient in Vitamin D and was not given Vitamin D supplements despite his complaints.

---

[1] Plaintiff is currently confined at South Central Correctional Center ("SCCC") in Licking, Missouri. (Doc. No. 42).

[2] On January 12, 2022, the Court dismissed Plaintiff's claim against Keen in his individual capacity. (Doc. No. 12).

Plaintiff alleges he has lost over thirty pounds since his intake into St. Charles County Department of Corrections on October 29, 2020. Lastly, Plaintiff contends the St. Charles County Department of Corrections has a policy or practice of denying inmates treatment for lactose intolerance and/or treatment for IBS and/or a non-dairy tray when necessary. He seeks monetary damages and injunctive relief.

Plaintiff moves for summary judgment against Defendants on the grounds that there are no genuine issues of material fact and that he is entitled to judgment as a matter of law. Defendants oppose the motion, arguing that Plaintiff has provided no evidence to support his claims, citing only his self-serving affidavit and allegations from his amended complaint. In further opposition, Defendants assert the motions are premature given that discovery is ongoing and Plaintiff's medical records from the St. Charles County Jail have not yet been disclosed.

**Discussion**

Pursuant to Fed. R. Civ. P. 56(a), a movant is entitled to summary judgment on a claim only if he has made a showing that "there is no genuine dispute as to any material fact and [he] is entitled to judgment as a matter of law." See generally Van Wyhe v. Reisch, 581 F.3d 639, 648 (8th Cir. 2009); Mason v. Correction Medical Services, Inc., 559 F.3d 880, 884-85 (8th Cir. 2009). Pursuant to Fed. R. Civ. P. 56(d), "If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may: (1) defer considering the motion or deny it; (2) allow time to obtain affidavits or declarations or to take discovery; or (3) issue any other appropriate order." The language in Rule 56(d) "provide[s] an additional safeguard against an improvident or premature grant of summary judgment …" U.S. ex rel. Bernard v. Casino Magic Corp., 293 F.3d 419, 426 (8th Cir. 2002) (internal quotation omitted). "Although discovery need not be complete before a case is dismissed,

summary judgment is proper only if the nonmovant has had adequate time for discovery." Robinson v. Terex Corp., 439 F.3d 465, 467 (8th Cir. 2006) (citing Pony Computer, Inc. v. Equus Computer Sys. of MO., Inc., 162 F.3d 991, 996 (8th Cir. 1996)).

Here, the Court finds there has been insufficient time for discovery and that denial of Plaintiff's motions for summary judgment is necessary to safeguard against a premature grant of summary judgment. Notably, Plaintiff filed his motions before the parties conducted any discovery. Defendant Keen has filed a motion to compel Plaintiff to respond to written discovery requests which remains pending (Doc. No. 73), and Defendants recently filed a joint motion to extend the discovery deadline from December 1, 2022 to March 1, 2023, to which Plaintiff has been ordered to respond (Doc. Nos. 74, 75). As a result, Plaintiff's motions for summary judgment will be denied without prejudice as premature.

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff's Motion for Partial Summary Judgment against Defendant Keen [51] is **DENIED without prejudice** as premature.

**IT IS FURTHER ORDERED** that Plaintiff's Motion for Partial Summary Judgment against Defendants Valerie Walker, M.D., and Dawn Moses [53] is **DENIED without prejudice** as premature.

**IT IS FURTHER ORDERED** that **no later than Monday, November 28, 2022**, Plaintiff shall file a response to Defendant Keen's Motion to Compel (Doc. No. 73).

Dated this 16th day of November, 2022.

_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**