UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | | |
|---|---|---|
| OSCAR GARNER, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | No. 4:21-CV-00004 JAR |
| | ) | |
| DR. VALERIE WALKER, et al., | ) | |
| | ) | |
| Defendants. | ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on Defendant Keen's Motion to Compel (Doc. No. 73) and Defendants' Joint Motion to Extend Discovery (Doc. No. 74). Keen asks the Court to compel Plaintiff to respond to his interrogatories 2, 6, 8-16 and requests for production (RFP) 2-5, 9, 11-15, 17, 19, and 20, and to extend the current discovery and dispositive motion deadlines. Plaintiff was ordered to respond to Defendants' motions by Monday, November 28, 2022. (Doc. Nos. 75, 76). No response was filed. Also pending is Plaintiff's motion for written deposition of Dawn Moses and Daniel Keen and Defendants' witnesses, Nurses Megan Johnson and Jessica Tagg. (Doc. No. 72). Defendants have filed no opposition to Plaintiff's motion.

**Motion to compel**

According to Keen, Plaintiff agreed to withdraw his objections and provide answers to interrogatories 2, 6, 10-12, 14 and 16, but not to interrogatories 8, 9, and 13. (See Doc. No. 73-7). Interrogatory 8 asks Plaintiff to detail the nature of his damages and identify all documents pertaining thereto. In response, Plaintiff directed Keen to his amended complaint and summary judgment motion. (Doc. No. 73-3). Because Rule 33(b)(1) of the Federal Rules of Civil Procedure requires a party to answer each interrogatory "fully," it is technically improper and

unresponsive for an answer to an interrogatory to refer to outside material, such as pleadings, depositions, or other interrogatories. 7–33 Moore's Federal Practice–Civil § 33.103. See also Cont'l Illinois Nat'l Bank & Trust Co. of Chicago v. Caton, 136 F.R.D. 682, 686 (D. Kan. 1991) (stating that an interrogatory answer that incorporated a deposition by reference was improper); Atlanta Shipping Corp., Inc. v. Cross & Brown Co., 113 F.R.D. 108, 111 (S.D.N.Y. 1986) (holding that response to interrogatory that included several pages of references to documents was inadequate). Plaintiff's answer referring Keen to his prior pleadings is not responsive to this interrogatory. Accordingly, the motion to compel will be granted as to this interrogatory and Plaintiff is directed to respond fully and completely. If, after he responds, Plaintiff develops more information with regard to his damages, he may supplement or amend his response.

Interrogatory 9 asks Plaintiff for information on any prior misdemeanor or felony convictions and Interrogatory 13 asks Plaintiff to identify any other lawsuits to which he has been a party. Plaintiff objects on the basis of relevance. The Court cannot discern, and Keen has not attempted to explain, how this information is relevant to any claim or defense in this lawsuit and therefore will not compel Plaintiff to provide a further response to these interrogatories.

Keen further states that Plaintiff agreed to withdraw his objections and supplement his responses to RFP 2-5, 9, 11-12 and 15 by stating there are no additional documents related to the requests other than what he would have included from the court file. The Court will therefore grant the motion to compel in this regard. Plaintiff did not withdraw his objections to RFP 13, 17, 19, and 20.

RFP 13 asks for documents supporting his allegation that Defendants deliberately disregarded his medical condition. In response, Defendant directed Keen to his summary judgment motion. (Doc. No. 73-4). Because this is not an adequate response to Keen's RFP, the

Court will grant the motion to compel a response to this request. Plaintiff must either produce the document(s) requested, or in the alternative, respond in writing with an explanation why he cannot produce the document(s). Under Rule 34(a), Plaintiff is required to produce the documents requested if they are in his "possession, custody, or control." Plaintiff is reminded that he need not have actual possession of documents to be deemed in control of them, and a party that has a legal right to obtain certain documents is deemed to have control of them.

RFP 17 asks for all non-privileged written statements from any persons that relate to the facts of this case. Plaintiff responded, "unknown at time [sic]." (Id.). Based on this response, the motion to compel will be denied. If, after he responds, Plaintiff discovers any such statements, he may supplement or amend his response.

RFP 19 and 20 ask for Plaintiff's tax returns and W-2s for the years 2015 through 2021. Plaintiff responded, "Not in possession." (Id.). During a phone call with counsel for Defendants, Plaintiff also objected on the basis of relevance. (See Doc. No. 73-7).  The Court cannot discern, and Keen has not attempted to explain, how this information is relevant to any claim or defense in this lawsuit and therefore will not compel Plaintiff to produce his tax returns and W-2s.

**Motion for written deposition**

Federal Rule of Civil Procedure 31 authorizes the deposition of any person, including a non-party, upon written questions. The Court will grant Plaintiff leave to take depositions by written questions. If Plaintiff chooses to proceed in this manner, he may submit a list of questions to Defendants for each deponent **on or before January 5, 2023**. Plaintiff must also file a notice of deposition for each individual that lists his or her current address. The deponents shall write out answers to the questions provided by Plaintiff and swear to their truthfulness by

verification. If Defendants have legal objections to certain questions, they can make them and if Plaintiff disagrees, he can file a motion to compel the answer.

Accordingly,

**IT IS HEREBY ORDERED** that Defendant Keen's Motion to Compel [73] is **GRANTED in part**. <u>**No later than January 5, 2023**</u>, Plaintiff shall respond to Keen's interrogatories 2(c), 2(d), 2(e), 2(f), 6, 8, 10, 11, 12, 14, and 16 and supplement his responses to Keen's request for production of documents 2-5, 9, 11, 12, 13, and 15 to state there are no additional documents related to the requests other than what is included in the court file. In all other respects the motion to compel is **DENIED**.

**IT IS FURTHER ORDERED** that Defendants' Joint Motion to Extend Discovery [74] is **GRANTED.** The discovery deadline is hereby extended to **March 1, 2023**. The deadline for filing motions for summary judgment is extended to **March 15, 2023**. Any response shall be filed no later than **April 17, 2023**. Any reply shall be filed no later than **April 27, 2023**.

**IT IS FINALLY ORDERED** that Plaintiff's motion for written depositions [72] is **GRANTED** in accordance with the rulings herein.

Dated this 16th day of December, 2022.

*John A. Ross*
_____
**JOHN A. ROSS**
**UNITED STATES DISTRICT JUDGE**